J-S05039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DARNELL SMITH, JR., | |
| Appellant | No. 1314 MDA 2015 |

Appeal from the Order Entered April 22, 2015
in the Court of Common Pleas of Lycoming County
Criminal Division at Nos.: CP-41-CR-0000746-2011
CP-41-CR-0000859-2012
CP-41-CR-0000929-2012

BEFORE: BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 04, 2016**

Appellant, Anthony Darnell Smith, Jr., appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

On December 21, 2012, Appellant entered a negotiated plea at docket numbers 858-2012, 859-2012, and 929-2012 to one count each of possession with intent to deliver a controlled substance, aggravated assault, and cruelty to animals; and three counts of possession of a firearm

_____

[*] Retired Senior Judge assigned to the Superior Court.

prohibited.[1]    The charges arose from Appellant's sale of marijuana, commission of a robbery, and shooting of both a person and a dog.   On February 4, 2013, the trial court sentenced Appellant pursuant to the plea agreement's terms to not less than ten nor more than twenty years' incarceration, followed by ten years' probation.   The court also revoked Appellant's parole at docket number 746-2011 and sentenced him to a term of not less than one nor more than two years' incarceration, to be served consecutive to the sentence imposed pursuant to the negotiated plea.   No post-trial motions or direct appeal were filed.

On June 5, 2013, Appellant filed a first PCRA petition *pro se*.   On June 13, 2013, the court appointed counsel.   On September 17, 2013, counsel filed a **Turner**/**Finley**[2] no-merit letter.   On September 20, 2013, the court issued a Rule 907 notice of its intent to dismiss the petition.   **See** Pa.R.Crim.P. 907(1).   Appellant did not respond.   On October 30, 2013, the court dismissed the petition, and granted counsel leave to withdraw.[3]

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 2702(a)(4), 5511(a)(2.1)(i)(A), and 6105(a)(1), respectively.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The Prothonotary failed to forward a copy of the October 30, 2013 order to Appellant.   Therefore, on May 6, 2014, the PCRA court granted him the opportunity to file an appeal *nunc pro tunc* within sixty days.   Appellant filed an untimely appeal, which this Court quashed *per curiam* on October 28, 2014.

On December 16, 2013, Appellant filed a second PCRA petition *pro se* raising the same issues as those presented in his first petition. On December 23, 2013, the court again appointed counsel, and, on April 17, 2014, counsel filed a **Turner**/**Finley** no-merit letter. On May 6, 2014, the PCRA court vacated its order appointing counsel, dismissed the **Turner**/**Finley** letter as moot, and dismissed Appellant's second PCRA petition.

On March 18, 2015, Appellant filed a third PCRA petition *pro se*. On March 24, 2015, the court entered a Rule 907 notice, and, on April 22, 2015, it dismissed Appellant's petition as untimely. Appellant timely appealed.[4]

Appellant raises one issue for our review: "Did the [PCRA] court err in not correcting an illegal sentence?" (Appellant's Brief, at 2).

Before we are able to consider the merits of Appellant's claim on appeal, we must determine whether the PCRA court properly determined

_____

[4] The deadline for filing the notice of appeal was May 22, 2015, the Friday before Memorial Day weekend. The notice is dated May 17, 2015, the certified record does not contain an official postmark, and the document was docketed on May 26, 2015, the Tuesday after the holiday. However, because Appellant is incarcerated, we will consider his notice of appeal timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (declining to quash appeal for untimeliness where appellant necessarily would have had to mail his notice from prison prior to deadline, although filed by court after it); **see also** Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

that his petition was untimely, and that therefore it did not have jurisdiction

to decide its merits.

> We review an order dismissing a petition under the PCRA
> in the light most favorable to the prevailing party at the PCRA
> level. This review is limited to the findings of the PCRA court
> and the evidence of record. We will not disturb a PCRA court's
> ruling if it is supported by evidence of record and is free of legal
> error. This Court may affirm a PCRA court's decision on any
> grounds if the record supports it. We grant great deference to
> the factual findings of the PCRA court and will not disturb those
> findings unless they have no support in the record. However, we
> afford no such deference to its legal conclusions. Further, where
> the petitioner raises questions of law, our standard of review is
> *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal*

*denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

Here, the PCRA court found Appellant's third PCRA petition was

untimely and he failed to plead and prove any exception to the PCRA time-

bar. (***See*** Order, 3/24/15). We agree.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be
> filed within one year of the date the petitioner's judgment of
> sentence became final, unless he pleads and proves one of the
> three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A
> judgment becomes final at the conclusion of direct review by this
> Court or the United States Supreme Court, or at the expiration
> of the time for seeking such review. 42 Pa.C.S.[A.] §
> 9545(b)(3). The PCRA's timeliness requirements are
> jurisdictional; therefore, a court may not address the merits of
> the issues raised if the petition was not timely filed. The
> timeliness requirements apply to all PCRA petitions, regardless of
> the nature of the individual claims raised therein. The PCRA
> squarely places upon the petitioner the burden of proving an
> untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on March 6, 2013, at the expiration of the time for him to seek review of his judgment of sentence in this Court. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on March 18, 2015, is untimely on its face and we will only review its merits if he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. ***See id.*** When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. ***See Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the

petition.") (citation omitted).  Also, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to claim the applicability of the newly-discovered constitutional right exception.  (**See** Appellant's Brief, at 5); **see also** 42 Pa.C.S.A. § 9545(b)(1)(iii).  Specifically, he alleges that the United States Supreme Court's reasoning in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), should be applied retroactively to his case.[5]  (**See** Appellant's Brief, at 5-8).  However, this claim is unavailing because Appellant has failed to plead and prove the applicability of Section 9545(b)(1)(iii).

It is well-settled that:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements.  First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt after the time provided in this section.  Second, it provides that the right "has been held" by "that court" to apply retroactively.  **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively . . . to cases on collateral review.**

**Commonwealth v. Leggett**, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted) (emphasis in original).

---

[5] The Supreme Court decided **Alleyne** on June 17, 2013.  Appellant filed the instant petition nearly two years later, on March 18, 2015, thus violating the sixty-day requirement of 42 Pa.C.S.A. § 9545(b)(2).  **See** 42 Pa.C.S.A. § 9545(b)(2).

In **Alleyne**, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, **supra** at 2163. "The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014) (footnote omitted).

As a preliminary matter, we observe that there is nothing in the record to suggest that Appellant was serving a mandatory sentence. Appellant pleaded guilty to six charges pursuant to a negotiated guilty plea, and received the agreed-upon sentence of not less than ten nor more than twenty years' incarceration. (**See** N.T. Guilty Plea Hearing, 12/21/12, at 3-4, 11-12; N.T. Sentencing, 2/04/13, at 2-6). He also received a consecutive term of not less than one nor more than two years' incarceration for a probation violation. (**See** N.T. Sentencing, 2/04/13, at 10). Therefore, the holding of **Alleyne** does not apply to Appellant's case.

Moreover, in considering whether **Alleyne** provides an exception to the PCRA time-bar, this Court has observed that:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had

become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and footnote omitted); ***see also Commonwealth v. Riggle***, 119 A.3d 1058, 1067 (Pa. Super. 2015) (holding "***Alleyne*** is not entitled to retroactive effect in th[e] PCRA setting.").

Therefore, even if he were serving a mandatory sentence, Appellant's reliance on ***Alleyne*** would be fatal to his claim. ***See Miller***, ***supra*** at 995. Hence, because Appellant failed to plead and prove the applicability of a PCRA timeliness exception, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis that it lacked jurisdiction. ***See Johnston***, ***supra*** at 1126.[6]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2016

_____

[6] To the extent that Appellant attempts to argue that his issue is a non-waivable legality of sentence issue, (***see*** Appellant's Brief, at 7), we observe: "[T]hough not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the [C]ourt of jurisdiction over the claim. . . ." ***Miller***, ***supra*** at 995 (citation omitted). Therefore, Appellant's argument in this regard lacks merit.

- 8 -